**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

SCOTT R. COMMERSON (State Bar No. 227460)
  ScottCommerson@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
  BrendanCharney@dwt.com

Attorneys for Defendants
SHUTTERSTOCK, INC. and
VOLLEYPOST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>SHUTTERSTOCK, INC., a Delaware corporation; KOBERT MEDIA, an unknown entity, dba VOLLEYPOST; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. **2:19-cv-01153 DMG AFM(x)**<br><br>**ANSWER OF DEFENDANTS SHUTTERSTOCK, INC. AND VOLLEYPOST TO COMPLAINT**<br><br>Assigned to the Hon. Dolly M. Gee<br><br>Action Filed: February 14, 2019 |

ANSWER TO COMPLAINT

Defendant Shutterstock, Inc. ("Shutterstock") and Defendant Kobert Advanced Media Ltd. an entity doing business as Volleypost (erroneously sued as "Kobert Media dba Volleypost") ("Volleypost") (collectively "Defendants") answer the corresponding paragraphs of the Complaint of Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") as follows:

Defendants deny, generally and specifically, each and every allegation contained in the Complaint, except those specifically admitted, and deny that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

1. This paragraph states the nature of Plaintiff's Complaint and no response is required. Defendants deny that Plaintiff is entitled to any relief.

2. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

3. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## PARTIES

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, deny them.

5. Defendants admit the allegations in this paragraph.

6. Defendants admit that Kobert Advanced Media Ltd. does business as Volleypost, and that it operates the website "www.volleypost.com." Except as specifically admitted, Defendants deny the remainder of this paragraph.

7. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

///

## STATEMENT OF FACTS

**Plaintiff's Business and the Photograph Forming the Subject Matter of This Dispute.**

8. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, deny them.

9. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, deny them.

10. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, deny them.

11. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including whether the document attached as Exhibit A is authentic, and on that basis, deny them.

12. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis, deny them.

**The Defendants and the Marketplace.**

13. Defendants admit that Shutterstock operates a website at https://www.shutterstock.com, and that Volleypost operates websites at http://www.kobertmedia.com and https://www.volleypost.com. The content of these websites speaks for itself. The remainder of this paragraph contains arguments and conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

14. Defendants admit that the e-mail from Ayal Ebert attached as Exhibit C substantially depicts a communication from Mr. Ebert to Plaintiff, and speaks for itself. Defendants further admit that Shutterstock is a leading global technology company offering a creative platform for high-quality assets, that Shutterstock licenses images, video, music, editorial assets, and custom content, and that Shutterstock's brands include Bigstock, Offset, PremiumBeat, Rex Features, and Shutterstock Custom. The remainder of this paragraph contains arguments and

legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

15. Defendants admit that the quarterly financial report attached as Exhibit D is a true and correct copy of the financial report as available on PRNewswire, and speaks for itself. The remainder of this paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

16. Defendants admit that the screenshots of Shutterstock and Kobert Media "about us" webpages attached as Exhibit E are true and correct copies of the webpages they depict, and speak for themselves. The remainder of this paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

17. Defendants admit that the Volleypost Terms and Conditions, Shutterstock Policies, and Shutterstock Terms of Service attached as Exhibit F are true and correct copies of the webpages they depict, and speak for themselves. The remainder of this paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

18. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

19. Defendants admit that the screenshot of the Volleypost article "Evan Spiegel's Net Worth: Everything to Know" attached as Exhibit G is a true and correct copy of the webpage it depicts, and speaks for itself. Defendants admit that Volleypost downloaded the Snapchat Photo from Shutterstock pursuant to Volleypost's license agreement with Shutterstock. The remainder of this paragraph contains arguments and legal conclusions to which no response is required. To the

3
ANSWER TO COMPLAINT

extent a response is required, Defendants deny the remaining allegations in this paragraph.

20. Defendants admit that Plaintiff has never sold nor licensed the Snapchat Photo to Shutterstock. Defendants lack knowledge or information sufficient to form a belief as to the truth of the paragraph's allegations concerning Plaintiff's licensing practices as to others. The remainder of this paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the paragraph's allegations concerning Plaintiff's licensing practices as to others. The remainder of this paragraph contains arguments and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the paragraph's allegations concerning the availability of images on Google or the internet. The remainder of this paragraph contains arguments and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

23. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 501, Against All Defendants)**

24. Defendants reincorporate their responses to the allegations contained in the above paragraphs as if fully stated here.

25. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

26. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

27. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

28. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

29. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

30. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

31. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

32. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

33. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

34. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

35. This paragraph contains arguments and legal conclusions to which no

response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

36. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

37. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF
### (Negligence Against Defendant Shutterstock)

38. Defendants reincorporate their responses to the allegations contained in the above paragraphs as if fully stated here.

39. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

40. This paragraph contains arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## PRAYER

Defendants deny that Plaintiff is entitled to any of the requested relief; specifically:

1. Defendants deny that Plaintiff is entitled to the injunctive relief requested.

2. Defendants deny that Plaintiff is entitled to the statutory damages requested, nor the requested costs, interest, or attorneys' fees under the Copyright Act.

3. Defendants deny that Plaintiff is entitled to the accounting requested.

4. Defendants deny that Plaintiff is entitled to the requested disgorgement

of profits, reimbursement, or to any damages whatsoever.

5. Defendants deny that Plaintiff is entitled to the requested damages.

6. Defendants deny that Plaintiff is entitled to any other further relief.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses. By alleging these affirmative defenses, Defendants do not in any way concede that they, or any of them, bear the burden of proof or persuasion on any of these issues. Defendants reserve the right to supplement, amend, or modify these affirmative defenses, as appropriate, based on information obtained during the course of this litigation.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's Complaint and each claim asserted therein fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's Complaint and each of its causes of action arise from Defendants' exercise of their rights of free speech, or acts in furtherance of that right, in connection with an issue of public interest, and thus falls within the scope of California Code of Civil Procedure § 425.16. Because Plaintiff cannot establish a probability that he will prevail on any of his causes of action, each cause of action must be stricken, and Defendants must be awarded their attorneys' fees and costs incurred in defending this action.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, specifically including but not limited to the provisions of California Code of Civil Procedure §§ 338 and 339, and 17 USC § 507.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they arise from conduct not attributable to Defendants.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants reasonably relied on a third party's representation and warranty of ownership and conveyance of all applicable rights to the allegedly infringing work.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the conduct of one defendant is not imputed to or binding on any other defendant.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of Fair Use enshrined at 17 U.S.C. § 107.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of Copyright Misuse.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred by the "safe harbor" provided by the Digital Millennium Copyright Act, 17 U.S.C. §§ 512 *et seq*.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's negligence claim is barred, in whole or in part, because Defendants owed no duty to Plaintiffs.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's negligence claim is preempted by the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's negligence claim is barred, in whole or in part, because Defendants have not acted with the requisite degree of fault and/or knowledge.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff is not entitled to injunctive or any other equitable relief because any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff is not entitled to recover Defendants' profits, if any, because any such profits are not attributable to any alleged infringement.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's damages, if any, are limited by the absence of any willful infringement by Defendants, and each of them.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's damages, if any, are limited by Defendants' innocent intent.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims for statutory damages and attorney's fees are barred, in whole or in part, by the Copyright Act, 17 U.S.C. § 412.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent any copyright registration asserted by Plaintiff as covering the allegedly infringed work is invalid and/or unenforceable.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

Plaintiff's claim is barred to the extent it seeks statutory damages that, when measured against the actual damage, if any, suffered by Plaintiff, would be

excessive, obviously unreasonable and wholly disproportionate in violation of the Due Process clause.

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages it purportedly suffered were not proximately caused by Defendants.

### TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because it failed to mitigate its alleged damages.

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged damages are vague, uncertain, imaginary, and speculative.

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

Defendants may have additional, as yet unstated, separate defenses available to them. Defendants each reserve their right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate. Defendants further reserve the right to supplement, amend, or modify each of their separate and additional defenses, as appropriate, based on information obtained during the course of this litigation.

### PRAYER

Defendants respectfully request that the Complaint be dismissed with prejudice and that they be awarded costs, including reasonable attorneys' fees along with such other and further relief as the Court may deem just and proper.

DATED: June 17, 2019

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON
BRENDAN N. CHARNEY

By: /s/ Scott R. Commerson
    Scott R. Commerson
Attorneys for Defendants
SHUTTERSTOCK, INC. and VOLLEYPOST