Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Jenny S. Kim (Bar. No. 282562)
jkim@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff*
*Michael Grecco Productions, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHUTTERSTOCK, INC. a Delaware corporation; KOBERT MEDIA an unknown entity dba VOLLEYPOST; and DOES 1-10 inclusive,<br><br>　　　　Defendants. | Case No. 2:19-cv-01153-DMG (AFMx)<br>Hon. Dolly M. Gee<br><br>**JOINT RULE 26(f) REPORT**<br><br><u>Scheduling Conference</u><br>Date: August 9, 2019<br>Time: 9:30 a.m.<br>Courtroom: 8C |

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff" or "Grecco") and Defendants Shutterstock, Inc. ("Shutterstock") and Defendant Kobert Advanced Media Ltd. an entity doing business as Volleypost (erroneously sued as "Kobert Media dba Volleypost") (collectively, "Defendants") hereby submit the following Rule 26(f) Report following their Rule 26(f) conference of counsel.

## I. REPORT PURSUANT TO THE COURT'S ORDER SETTING SCHEDULING CONFERENCE (DKT. NO. 28)

### A. Discovery

#### 1. Initial Disclosures

The parties do not propose modifying or changing the form or requirements of initial disclosures under Rule 26(a), and agree to exchange initial disclosures by **August 23, 2019**.

#### 2. Preservation of Discoverable Information

The parties do not anticipate any issues regarding the preservation of discoverable information.

#### 3. Discovery Plan

The parties propose conducting discovery in two phases: (1) discovery relating to fair use, the safe harbor defense provided by the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 512 *et seq.*, and the extent of and entitlement by Plaintiff to damages, including the ownership, creation, and validity of the asserted copyrights, and valuation of a license to the asserted copyrights, which may permit early resolution of key issues; and (2) all remaining issues. The parties propose reserving 120 days to conduct discovery on the Phase I issues, and if appropriate, to file early summary judgment motions.

The parties will serve written discovery (including requests for production of documents, requests for admissions, and interrogatories) and take depositions pursuant to the Federal Rules of Civil Procedure. The parties will stipulate to the entry of a mutually agreed form of protective order to preserve the confidentiality of

sensitive and/or proprietary information before serving responses to discovery. The parties do not anticipate the need for any other order to impose changes to the rules regarding discovery.

The parties propose expert disclosures and a discovery cut-off date pursuant to the schedule attached as **Exhibit A**.

### B.     Law and Motion Matters

The parties anticipate that they will file a motion for summary judgment, partial summary judgment, or summary adjudication. Dispositive motions will be filed and noticed to be heard on or before the final motion cut-off date.

The parties propose a motion cut-off date pursuant to the schedule attached as **Exhibit A**.

### C.     Settlement

The parties have engaged in preliminary settlement discussions. Both parties are always willing to discuss the possibility of settlement as a means to dispute resolution. The parties request a neutral selected from the Court's Mediation Panel (ADR Procedure No. 2). The parties propose an ADR completion date pursuant to the schedule attached as **Exhibit A**.

### D.     Trial and Pretrial Schedule

The parties estimate 3-5 days for trial. The parties propose trial and pretrial conference dates pursuant to the schedule attached as **Exhibit A**.

### E.     Additional Parties

The parties do not anticipate adding other parties to the action at this time.

### F.     Jury Trial

Plaintiff has requested a jury trial.

### G.     Other Issues

The parties stipulate and agree that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), service of any paper in this action (e.g., written discovery and responses, motions, etc.) may be accomplished by sending the paper via electronic

means (e.g., email). Documents are timely served by email where the email is sent by 11:59 pm Pacific Time on the date due. For the avoidance of doubt, the parties also agree that consistent with Federal Rule of Civil Procedure 6(d), for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days granted for service under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to) will **not** apply when the document is also served via electronic means.

The parties further agree that (1) upon request, the parties will provide editable forms of written discovery requests to facilitate preparation of the responses; (2) document subject to the claims of attorney/client privilege and/or trial preparation materials and/or attorney work product that were created after commencement of this action need not be included in any privilege log; and (3) a party shall have at least sixty (60) days after the production of documents to produce a privilege log.

### H. Severance, Bifurcation or Other Ordering Proof

The parties do not anticipate the need for severance, bifurcation, or other order regarding the order of proof.

### I. Synopsis

#### 1. Plaintiff's Statement

This is a straightforward civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. Plaintiff, an award-winning commercial photography company, owns the copyright to many stylized and valuable photographs of celebrities. One such photograph is at issue in this case: the rare and iconic photograph of Snapchat co-founders Evan Spiegel and Bob Murphy (the "Snapchat Photo"). Plaintiff alleges that Defendant infringed Plaintiff's copyrights in the Snapchat Photo. In particular, Defendant Snapchat—a sophisticated and hugely profitable company whose very

business is to license copyrighted works to other parties for commercial exploitation—failed to obtain a license from Plaintiff before reaping for itself and Defendant Volleypost the very benefits under the Copyright Act that Plaintiff was entitled to enjoy.

Defendants have filed an Answer denying liability and asserting twenty-seven affirmative defenses. Plaintiff denies that Defendants are entitled to any of their affirmative defenses.

### 2. Defendant's Statement

Plaintiff claims to own the copyright to a series of conventional portrait photographs of Snapchat co-founders Evan Spiegel and Bob Murphy, captured in 2013, and first published in *Forbes* magazine in January, 2014 (the "Original Snapchat Photo"). Shutterstock is an image-licensing website that, among other services, offers licenses to customers for stock images submitted by third party users who represent and warrant ownership of all rights to the images submitted. A third party user submitted to Shutterstock a photograph that incorporated certain elements of the Original Snapchat Photo, while adding additional content, including the *Forbes* masthead and a superimposed magnifying glass (the "Transformed Snapchat Photo"). Volleypost is an Internet news website that licensed the Transformed Snapchat Photo from Shutterstock pursuant to a standard license permitting access to, and use of, multiple images for a modest flat fee. Defendants deny liability based on several defenses, including the DMCA's safe harbor and fair use; even if liability could be shown, however, Defendants acted innocently, not willfully; and finally, the reasonable market value of a license for the Original Snapchat Photo is nominal, in any event. Contrary to Plaintiff's exorbitant demands and its contention that the Original Snapchat Photo is "rare and iconic," it is a stale image that is one of many fungible conventional portraits in a series of images of no-longer-newsworthy subjects.

J. **Amended Pleadings**

The parties do not anticipate amending the pleadings at this time.

K. **Issues to Be Determined by Motion**

Plaintiff believes that at least the following issues should be resolved by motion:

- Whether Defendants are entitled to the fair use defense; and
- Whether Defendants are entitled to the safe harbor defense provided by the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 512 *et seq.*

II. **JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

L. **Nature and Basis of Claims and Defenses (Fed. R. Civ. P. 26(f)(2))**

*See* Sections I.I.1 and I.I.2, *supra*.

M. **Possibilities for Prompt Settlement (Fed. R. Civ. P. 26(f)(2))**

*See* Section I.C, *supra*.

N. **Discovery Plan (Fed. R. Civ. P. 26(f)(2) & (3))**

1. **Changes in the Time, Form or Requirement for Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))**

*See* Section I.A.1, *supra*.

2. **Subjects on Which Discovery May be Needed (Fed. R. Civ. P. 26(f)(3)(B))**

The parties anticipate taking discovery on all issues relating to Plaintiff's claims asserted in the Complaint and Defendants' defenses asserted in the Answer, including at least infringement of the Snapchat Photo; Defendant's defenses of fair use, DMCA safe harbor; willfulness; the ownership and creation of the Snapchat Photo; the reasonable market value of the Snapchat Photo; and other issues relating to Plaintiff's alleged damages.

### 3. ESI Issues (Fed. R. Civ. P. 26(f)(3)(C))

The parties do not anticipate that there will be issues about preserving, accessing, or producing discoverable information, including electronically stored information ("ESI"). Whenever practicable, the parties agree to produce ESI with standard metadata fields intact, either through the use of a "load file" or by producing ESI in native format.

### 4. Privilege or Protection (Fed. R. Civ. P. 26(f)(3)(D))

The parties agree that the inadvertent production of privileged documents will be subject to Federal Rule of Evidence 502. The parties may request that the Court enter a separate protective order regarding confidential and privileged documents, to be negotiated by the parties and submitted to the Court by stipulation.

### 5. Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))

See Section I.A.3, *supra*.

### 6. Other Orders (Fed. R. Civ. P. 26(f)(3)(F))

As stated in Section II.4, *supra*, the parties may seek entry of order pursuant to Rule 26(c), and if so, will submit a stipulated protective order. The parties do not request that the Court issue other orders or under Rule 16(b) and (c).

## III. JOINT REPORT PURSUANT TO LOCAL RULE 26-1

### O. Complex Case (Local Rule 26-1(a))

The parties agree that this case is not complex.

### P. Motion Schedule (Local Rule 26-1(b))

See Sections I.B & I.K, *supra*, and **Exhibit A**.

### Q. ADR (Local Rule 26-1(c))

See Section I.C, *supra*.

### R. Trial Estimate (Local Rule 26-1(d))

See Section I.D, *supra*.

### S. Additional Parties (Local Rule 26-1(e))

See Section I.E, *supra*.

T.  **Expert Witnesses (Local Rule 26-1(f))**

See **Exhibit A**.

Dated: July 26, 2019    **ONE LLP**

By: */s/ Jenny S. Kim*
Peter R. Afrasiabi
Jenny S. Kim

*Attorneys for Plaintiff*
*Michael Grecco Productions, Inc.*

DATED: July 26, 2019    DAVIS WRIGHT TREMAINE LLP

SCOTT R. COMMERSON
BRENDAN N. CHARNEY

By: */s/ Brendan N. Charney*
Scott R. Commerson

Attorneys for Defendants
SHUTTERSTOCK, INC. and
VOLLEYPOST

## ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Jenny S. Kim, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Jenny S. Kim
Jenny S. Kim

# EXHIBIT A

| MATTER | JOINTLY REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** (Jury) Duration Estimate: 3-5 days | October 14, 2020 (Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")** | September 15, 2020 (Tuesday) | 2:00 p.m. |

| MATTER | JOINTLY REQUESTED DATE |
|---|---|
| Phase I Discovery Begins (fair use, the safe harbor defense provided by the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 512 *et seq.*, and valuation of a license to the asserted copyrights) | August 17, 2019 (Wednesday) |
| Phase II Discovery Begins (all issues) | December 9, 2019 (Monday) |
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | February 28, 2020 (Friday) |
| Non−Expert Discovery Cut-Off (includes hearing of discovery motions) | June 5, 2020 (Friday) |
| Motion Cut-Off (filing deadline) | June 12, 2020 (Friday) |
| Initial Expert Disclosure & Report Deadline | July 10, 2020 (Friday) |
| Rebuttal Expert Disclosure & Report Deadline | August 7, 2020 (Friday) |
| Settlement Conference Completion Date | August 14, 2020 (Friday) |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | August 21, 2020 (Friday) |
| Motions in Limine Filing Deadline | August 25, 2020 (Tuesday) |
| Opposition to Motion in Limine Filing Deadline | September 1, 2020 (Tuesday) |